United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BARTEK INTERNATIONAL, INC., <br><br> Defendant. | Case No. 21-cv-06025-BLF <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> [Re: ECF No. 19] |

This ERISA collection case is brought by Plaintiffs—six employee benefit plans and their trustee—against Defendant Bartek International, Inc., a roofing company. The Clerk of Court has entered default against Bartek, which has not appeared in this action. *See* ECF No. 17. Now before the Court is Plaintiffs' motion for default judgment against Bartek. ECF No. 19 ("Mot."). The Court previously found this motion suitable for disposition without oral argument and vacated the March 3, 2022 hearing. ECF No. 20. For the following reasons, the Court GRANTS the motion for default judgment.

**I.     BACKGROUND**

Plaintiffs are six employee benefit plans as defined under the Employee Retirement Income Security Act of 1974 ("ERISA") and their trustee Doug Ziegler. ECF No. 1 ("Compl.") ¶¶ 8–9. Defendant Bartek International Inc. entered into agreements with Local 81 of the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Roofers Local 81") and Local 95 of United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Roofers Local 95") to make contributions to the plans. *Id.* ¶¶ 8, 10; *see also id.* Exs. A (collective bargaining agreements), B–D (letters of assent), and E (collection policy). Under the terms of the agreements, failure to make timely contributions to the plans makes the employer liable to the

1  plans for all unpaid contributions, liquidated damages, interest on the unpaid contributions, and
2  attorneys' fees and court costs. *Id.* ¶¶ 18–19.

3  Bartek has allegedly failed to make payments to the plans in the amount of at least
4  $78,718.45 from October 2019 to February 2020. Compl. ¶ 20. $15,743.75 in liquidated damages
5  have accrued, as have $19,115.65 in interest. *Id.* ¶¶ 20–23.

6  Plaintiffs' Complaint asserts a claim for delinquent contributions under ERISA, 29 U.S.C.
7  § 1145, Compl. ¶¶ 30–36; and a claim for breach of the collective bargaining agreements under
8  the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Compl. ¶¶ 37–41. Bartek has
9  not appeared in this action despite being served.

10  **II.   LEGAL STANDARD**

11  Default may be entered against a party who fails to plead or otherwise defend an action,
12  who is neither a minor nor an incompetent person, and against whom a judgment for affirmative
13  relief is sought. Fed. R. Civ. P. 55(a). After an entry of default, a court may, in its discretion,
14  enter default judgment. *Id.* R. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
15  In deciding whether to enter default judgment, a court may consider the following factors: (1) the
16  possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the
17  sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a
18  dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7)
19  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.
20  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these factors, all factual
21  allegations in the plaintiff's complaint are taken as true, except those related to damages.
22  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). When the damages
23  claimed are not readily ascertainable from the pleadings and the record, the court may either
24  conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff.
25  *See Johnson v. Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021).

26  **III.   DISCUSSION**

27  "When entry of judgment is sought against a party who has failed to plead or otherwise
28  defend, a district court has an affirmative duty to look into its jurisdiction over both the subject

matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court discusses in turn jurisdiction, service of process, the *Eitel* factors, and Plaintiffs' requested relief.

### A. Jurisdiction

The Court has subject matter jurisdiction over this lawsuit. Federal question jurisdiction exists based on Plaintiffs' federal ERISA and LMRA claims. 28 U.S.C. § 1331. The Court also has personal jurisdiction over Bartek. Plaintiffs have alleged that Bartek engages in roofing, waterproofing, and/or contracting business in Santa Clara County and is a California corporation. Compl. ¶ 10. It thus appears that Defendant is subject to this Court's general jurisdiction. *See Daimler AG v. Baumann*, 571 U.S. 117, 134 (2014).

### B. Service of Process

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action. *See, e.g., Solis v. Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012). A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *G&G Closed Cir. Events, LLC v. Macias*, 2021 WL 2037955, at *2 (N.D. Cal. May 21, 2021) (quoting *Securities & Exchg. Comm'n v. Internet Solns. for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)). Plaintiffs have filed a sworn proof of service indicating that the summons and complaint were served on a representative of Bartek via personal service and mail. *See* ECF No. 13. Accordingly, the Court finds that Bartek was properly served with process.

### C. *Eitel* Factors

The Court finds that the *Eitel* factors support entering a default judgment. On the first *Eitel* factor, the Court finds that Plaintiffs would be prejudiced without a default judgment against Bartek. Unless default judgment is entered, Plaintiffs will have no other means of recourse against Bartek. *See Ridola v. Chao*, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would have no other means of recourse against [d]efendants for the damages caused by their conduct").

Under *Eitel* factors 2 and 3, the Court finds that the Complaint alleges meritorious substantive claims for relief under ERISA and the LMRA, taking the allegations of the Complaint

as true.  The terms of the collective bargaining agreements and Bartek's letters of assent to the same require Bartek to make payments to the plans for the benefit of the members of Roofers Local 81 and 95.  Bartek's failure to make payments pursuant to those agreements constitute violations of both its contractual and statutory duties under ERISA and the LMRA.  *See* 29 U.S.C. § 1145; *see also id.* § 1132(g)(2) (entitling Plaintiffs to unpaid contributions, liquidated damages, interest, and attorneys' fees and costs); *id.* § 185 (LMRA).

The fourth *Eitel* factor requires the Court to consider the sum of money at stake in relation to the seriousness of Bartek's conduct.  *Love v. Griffin*, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018).  While the sum requested is not insignificant, the Court finds it proportional to the violations of ERISA and the LMRA that are alleged.

Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of a dispute over any material fact and whether Bartek's failure to respond was the result of excusable neglect.  *See Love*, 2018 WL 4471073, at *5; *Ridola*, 2018 WL 2287668, at *13.  Because Plaintiffs plead plausible claims for violations of ERISA and the LMRA, and as all liability-related allegations are deemed true, there is nothing before the Court that indicates a possibility of a dispute as to material facts.  Moreover, there is no indication that Bartek's default was due to excusable neglect.  Bartek has not appeared or responded in this action, suggesting that it has chosen not to present a defense in this matter.  Accordingly, these factors weigh in favor of default judgment.

On the seventh and final *Eitel* factor, while the Court prefers to decide matters on the merits, Bartek's failure to participate in this litigation makes that impossible.  *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate.").  Default judgment, therefore, is Plaintiffs' only recourse.  *See United States v. Roof Guard Roofing Co. Inc.*, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").

The *Eitel* factors thus support entering a default judgment.

**D.     Requested Relief**

Plaintiffs request damages for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs under the statutes and pursuant to the terms of their agreements. Mot. at 8–13. Plaintiffs also request an order requiring Bartek to make payments and submit monthly contribution reports as required by their agreements. *Id.* at 13. The Court finds that Plaintiffs are entitled to each category of relief and analyzes each in turn.

    **i.     Unpaid Contributions**

ERISA permits Plaintiffs to recover unpaid contributions to the plans. *See* 29 U.S.C. § 1132(g)(A). Plaintiffs have provided a declaration attaching the trust funds' accounting showing the outstanding amounts in unpaid contributions under both the Roofers Local 95 collective bargaining agreement ($62,480.14) and the Roofers 81 Local collective bargaining agreement ($16,238.61) from October 2019 to February 2020. *See* ECF No. 19-10 ("Stephenson Decl."), Exs. E (Roofers Local 95 accounting) & F (Roofers Local 81 accounting). The Court finds that the evidence attached to the declaration adequately substantiates Plaintiffs' request for unpaid contributions. The Court will accordingly award Plaintiffs **$78,718.75** in unpaid contributions.

    **ii.     Liquidated Damages**

ERISA permits Plaintiffs to recover up to 20% liquidated damages on unpaid contributions. *See* 29 U.S.C. § 1132(g)(C)(ii). The agreements to which Bartek assented set the liquidated damages rate at 20% per year or $100, whichever is greater. *See* Stephenson Decl. E at Art. E. Based on the $78,718.45 in unpaid contributions from October 2019 to February 2020, Plaintiffs are entitled to **$15,743.75** in liquidated damages. *See* Mot. at 9–10 (calculations for liquidated damages for both Roofers Local 95 and Roofers Local 81 CBAs).

    **iii.     Interest**

ERISA permits, and the agreements allows, Plaintiffs to recover interest on the unpaid contributions and liquidated damages. *See* 29 U.S.C. § 1132(g)(2)(B). The interest rate is 10% per year under the parties' agreements. *See* Stephenson Decl. Ex. D at art. F. A total of $15,929.75 in interest is due on the unpaid contributions and $3,185.90 in interest is due on the liquidated damages. *See* Mot. at 10–11 (performing calculations for both unions). This amounts

to a total of **$19,115.65** in interest.

### iv. Attorneys' Fees and Costs

ERISA entitles Plaintiffs to reasonable attorneys' fees incurred in an action to enforce the agreements. *See* 29 U.S.C. § 1132(g)(2)(D). The Court will now analyze Plaintiffs' request to see if it comports with the legal standards applicable in this circuit.

#### a. Legal Standard

When calculating the appropriate amount of attorneys' fees, courts in this circuit follow "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Under the lodestar method, the most useful starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id*.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th. Cir. 1997). The fee applicant bears the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum*, 465 U.S. at 896 n.11. Further, the district court should exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434.

#### b. Rates

The Court finds that the rates Plaintiffs seek are in line with the rates that have been granted in this community for ERISA work performed by attorneys of comparable skill, experience, and reputation. The relevant community for this action is the Northern District of California. Plaintiffs seek an hourly rate of $260.00 per hour for a first-year associate (Cassie M. Peabody) and $325.00 per hour for a shareholder (Lois H. Chang). Courts in this district have

awarded in ERISA cases rates that exceed the rates Plaintiffs seek. *See Bd. of Tr. of Laborers Health & Welfare Trust Fund for N. Cal. v. JS Taylor Contr., Inc.*, 2020 WL 3441052, at *7 (N.D. Cal. May 26, 2020) ($290 per hour for junior associate and $345 per hour for shareholder); *Bd. of Tr. of the Laborers Health & Welfare Trust Fund for N. Cal. v. Lopez*, 2018 WL 2117336, at *, *4 (N.D. Cal. May 8, 2018) ($275–$290 per hour for junior associates; $325–$345 per hour for partners). Accordingly, the Court finds the rates in line with those appropriate for this work in this community.

### c. Hours

Plaintiffs seek an award for 27.7 hours of attorney time in this case since June 2021. Plaintiffs attach a detailed spreadsheet recounting the fees incurred from the inception of the case. *See* ECF No. 19-1 ("Peabody Decl.") Ex. F. Plaintiffs spent 10.5 hours drafting and preparing the Complaint, 2.5 hours compiling and filing the Complaint, 0.4 hours performing legal research, 4.6 hours performing service of process, 1.7 hours preparing exhibits to the Complaint, and approximately 8 hours filing and drafting the request for entry of default and this motion for default judgment. Peabody Decl. ¶ 12 & Ex. F. 7.7 of these hours were performed by the shareholder and 20 hours were performed by the associate. Peabody Decl. ¶ 13. This amounts to $7,702.50 in attorneys' fees. *Id.* The Court finds that these hours are appropriate and will award them to Plaintiffs. Accordingly, the Court awards Plaintiffs **$7,702.50** in attorneys' fees.

### d. Costs

Plaintiffs also seek $608.43 in costs for filing the Complaint, performing service of process, postage, and copying. Peabody Decl. ¶ 14 & Exs. F–H. The Court finds these costs are substantiated and will award **$608.43** in costs.

### e. Summary

The Court's award of fees and costs is summarized below.

/ / /

/ / /

/ / /

/ / /

| Name | Rate Awarded | Hours Awarded | Fees/Costs Awarded |
|---|---|---|---|
| **Lois H. Chang** | $325 | 7.7 | $2,502.50 |
| **Cassie M. Peabody** | $260 | 20 | $5,200 |
| | | **Total Fees** | **$7,702.50** |
| | | **Costs** | **$608.43** |
| | | **TOTAL Fees & Costs** | **$8,310.93** |

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Plaintiffs' motion for default judgment is GRANTED;

- Plaintiffs are AWARDED $78,718.75 in unpaid contributions;

- Plaintiffs are AWARDED $15,743.75 in liquidated damages;

- Plaintiffs are AWARDED $19,115.65 in interest;

- Plaintiffs are AWARDED $8,310.93 in attorneys' fees and costs;[1]

- Bartek SHALL timely submit all delinquent and currently due monthly contribution reports and payments as required by the agreements between the parties;

- Plaintiffs SHALL promptly serve Defendant with this Order and Judgment and file proof of service with the Court; and

- The Court will retain jurisdiction of this action pending compliance with this Order and Judgment.

Dated: April 8, 2022

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Plaintiffs' total requested judgment—$113,578.15—inadvertently omits their request for attorneys' fees and costs. The Court has corrected this scrivener's error and added attorneys' fees and costs to the total judgment.